UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS MENDOZA, individual, and as guardian of L.M., his minor child,<br><br>                              Plaintiffs,<br>       v.<br><br>CITY OF VANCOUVER, a Municipality; VANCOUVER POLICE DEPARTMENT, an agent of the City of Vancouver; MONICA HERNANDEZ and "JOHN DOE" HERNANDEZ, husband and wife, individually and the marital community thereof; BARBARA KIPP and "JOHN DOE" KIPP, husband and wife and the martial community thereof,<br><br>                              Defendants. | CASE NO. 16-5677 RJB<br><br>ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS |

This matter comes before the Court on the Defendants' Motion for Summary Judgment Dismissal of Plaintiff Carlos Mendoza's claims. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS - 1

1   Plaintiffs filed this case asserting that their constitutional rights were violated when
2   Plaintiff Mendoza was arrested and Plaintiff L.M. was taken into protective custody. Dkt. 4-4.
3   Plaintiffs seek damages as well as attorneys' fees and costs. *Id.* Defendants seek summary
4   dismissal of Plaintiff Mendoza's claims under the doctrine of judicial estoppel for failing to
5   disclose the claims as an asset in his bankruptcy. Dkt. 19. For the reasons provided, the motion
6   should be denied.

## I.   RELEVANT FACTS

For the sake of this motion alone, some of the following facts are taken from Plaintiffs' Complaint (Dkt. 2-1, at 8-19), some from Plaintiff Mendoza's bankruptcy proceeding, *In re Mendoza,* U.S. Bankruptcy Court for the Western District of Washington case number 14-45154 PBS, and others from the record in this case.

According to the Complaint, on April 23, 2014, the Washington State Department of Social and Health Services ("DSHS") filed a dependency petition in Clark County, Washington Juvenile Court alleging that Plaintiff Mendoza's son, L.M., was dependent because of abuse allegations against the child's mother, Tara Mendoza. Dkt. 2-1, at 9. Ms. Mendoza was arrested around a week later on charges of first degree assault of a child. *Id.*

The Complaint asserts that Plaintiff Mendoza, an E2 in the United States Marines, was stationed at Meridian Naval Air Station in Meridian, Mississippi at the time. Dkt. 2-1, at 9-10. On May 1, 2014, Plaintiff arrived in Washington on two days emergency leave. *Id.*, at 10. He was ordered to check in with check in with Swann Island Oregon Reserves Station in Portland, Oregon ("Swann Island"), which was to process Plaintiff's request for a humanitarian transfer, but Plaintiff failed to arrive with the proper paperwork. *Id.* An official at Swann Island informed Plaintiff Mendoza that he would attempt to verify Plaintiff's paperwork by telephone,

1 but was unsure he could do so.  *Id.*  Plaintiff was concerned that he would have to leave

2 Washington, if the transfer was not approved.  *Id.*

3   The Complaint alleges that on May 2, 2014, Plaintiff Mendoza went to the City of

4 Vancouver jail, where Ms. Mendoza was being held, and inquired after her.  Dkt. 2-1, at 10.  He

5 informed the front desk attendant that he may have to return to his duty station soon, and so, after

6 conferring with the supervisor on duty, the attendant told him to return at 5:00 p.m., even though

7 that was outside jail visiting hours.  *Id.*  Plaintiff did so.  *Id.*, at 11.  Swann Island was able to

8 confirm Plaintiff's need for a humanitarian transfer via telephone, and on May 3, 2014, he was

9 formally, temporary attached to Swann Island.  Dkt. 2-1, at 10-11.

10   The Complaint asserts that on May 6, 2014, Plaintiff Mendoza attended a shelter care

11 hearing for his son in full dress uniform.  Dkt. 2-1, at 11.  Right after the hearing, Defendant

12 Vancouver Police Department Detective Monica Hernandez arrested Plaintiff at the courthouse,

13 "in front of his attorney, the court commissioner, and a courthouse full of people-for making a

14 false statement to a public servant when requesting to visit [Ms. Mendoza] on May 2."  *Id.*   Det.

15 Hernandez accused Plaintiff of "using his military uniform for a special visit to see Tara in jail"

16 and then "marched" Plaintiff, "handcuffed in his full dress uniform from the courthouse

17 approximately three blocks away to the police station. He was detained until 11:00 p.m. at which

18 time he posted bail and was released."  *Id.*  These charges were dismissed by the prosecutor.  *Id.*

19   According to the Complaint, after a physical conflict between Plaintiff Mendoza and Ms.

20 Mendoza occurred, Ms. Mendoza was sentenced to jail time.  Dkt. 2-1.  Plaintiff Mendoza filed a

21 Petition for Declaration Concerning Validity of Marriage (asserting the Mendozas' marriage was

22 invalid because the divorce from her first marriage was not final when they married) and

23 requested the court enter a parenting plan regarding L.M. on August 28, 2014.  Dkt. 2-1, at 12.

24

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS - 3

1  A parenting plan was entered a few weeks later, prohibiting contact between Ms. Mendoza and
2  L.M. *Id.*

3  On September 23, 2014, Plaintiff Mendoza filed a petition for Chapter 7 bankruptcy. *In
4  re Mendoza,* U.S. Bankruptcy Court for the Western District of Washington case number 14-
5  45154 PBS, Dkt. 1; filed in this case at Dkt. 20, at 5-47.  Plaintiff did not list any possible legal
6  claims on his schedule of assets.  Dkt. 20*,* at 15.

7  The Complaint alleges that in late November 2014, Plaintiff Mendoza received transfer
8  orders to Camp Lejeune, in Jacksonville, North Carolina, to report by December 12, 2014.  Dkt.
9  2-1, at 12.  On December 4, 2014, the dependency case was dismissed.  *Id.*  Plaintiff intended to
10 move L.M. with him to North Carolina.  *Id.*  On December 8, 2014, Plaintiff moved the superior
11 court to have the no contact order between Ms. Mendoza and L.M. lifted before they left for
12 North Carolina.  Dkt. 2-1, at 13.

13 The Complaint maintains that on December 10, 2014, a friend in Newburg, Oregon (just
14 over the Washington border) contacted Plaintiff and asked him to take her to the hospital.  Dkt.
15 2-1, at 13.  He put L.M. in the car seat, and drove over the Washington state border into Oregon.
16 *Id.*  Defendant Vancouver Police Department Sergeant Barbara Kipp followed Plaintiff from his
17 home and over the Oregon border.  *Id.*  Officers of the Portland Police Department pulled
18 Plaintiff over and asked him if he was authorized to have L.M.  *Id.*  Sgt. Kipp arrived and
19 accused Plaintiff of attempting to take L.M. to see Ms. Mendoza.  *Id.*  The Portland officers asked
20 whether Sgt. Kipp had paperwork indicating that she was authorized to take L.M. into protective
21 custody, and she told them that she didn't need it in cases of life and death.  *Id.,* at 13-14.  L.M.
22 was taken.  *Id.*

23
24

1    On December 31, 2014, Plaintiff Mendoza's Chapter 7 case was discharged. *In re*

2  *Mendoza,* U.S. Bankruptcy Court for the Western District of Washington case number 14-45154

3  PBS, Dkt. 9; filed in this case at Dkt. 20, at 49-50.

4    According to Plaintiffs' lawyer, sometime after April 2015, the second dependency of

5  L.M. was dismissed, and Plaintiff Mendoza and he discussed filing this lawsuit. Dkt. 26, at 1.

6  Plaintiff Mendoza states that he was not aware of the possibility of bringing a lawsuit against

7  Defendants until then. Dkt. 27, at 1.

8    This case was filed on July 8, 2016 in Clark County, Washington Superior Court (Dkt. 2-

9  1, at 8) and removed to this Court on August 2, 2016 (Dkt. 1). Plaintiffs assert federal claims

10  against the Defendants for violations of both Plaintiffs' fourteenth amendment right to familial

11  association, for violation of Mr. Mendoza's fourth amendment right against being unlawfully

12  searched and seized, and assert "*Monell*-related claims." Dkt. 2-1. They make state law claims

13  for outrage, negligent infliction of emotional distress, malicious criminal prosecution, wrongful

14  interference with family relations, false arrest, false imprisonment, and negligent investigation.

15  *Id.*

16    The United States Trustee that handled Plaintiff's bankruptcy filed a declaration in this

17  case. Dkt. 22. He states that in February of this year, Plaintiff's attorney contacted him and

18  informed him of this lawsuit. *Id*. On February 22, 2017, the United States Trustee filed and *Ex*

19  *Parte* Motion to Reopen Chapter 7 Case in Plaintiff Mendoza's bankruptcy case. *In re Mendoza,*

20  U.S. Bankruptcy Court for the Western District of Washington case number 14-45154 PBS, Dkt.

21  12; filed in this case at Dkt. 20, at 52-53. In the motion before the bankruptcy court, the Trustee

22  stated that he "has received information concerning the existence of additional assets requiring

23  further administration" and that it was "necessary" to reopen the case "immediately so that the

24

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS - 5

assets may be administered." *Id.* On February 23, 2017, the bankruptcy court granted the Trustee's motion and reopened the case. *In re Mendoza,* U.S. Bankruptcy Court for the Western District of Washington case number 14-45154 PBS, Dkt. 14. As of March 31, 2017, Plaintiff had not filed amended schedules.

According to the United States Trustee, the bankruptcy estate has signed a fee agreement with Plaintiff's lawyer, and any recovery on the claims arising from the May 2014 arrest will be considered an asset of the bankruptcy estate. Dkt. 22, at 2. He asserts that the claims for the December 10, 2014 events are not part of the estate because they occurred after the Chapter 7 bankruptcy petition was filed. *Id.*

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

1  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

2  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

3        The determination of the existence of a material fact is often a close question.  The court

4  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

5  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

6  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

7  of the nonmoving party only when the facts specifically attested by that party contradict facts

8  specifically attested by the moving party.  The nonmoving party may not merely state that it will

9  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

10 to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

11 Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not

12 be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

13 **B. JUDICIAL ESTOPPEL**

14       "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

15 advantage by asserting one position, and then later seeking an advantage by taking a clearly

16 inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 782 (9th Cir.

17 2001).  Courts may consider several factors in determining whether to apply the doctrine in a

18 particular case, including whether: 1) a party's later position is "clearly inconsistent with its

19 earlier position," 2) "the party has succeeded in persuading a court to accept that party's earlier

20 position, so that judicial acceptance of an inconsistent position in a later proceeding would create

21 the perception that either the first or the second court was misled," and 3) "the party seeking to

22 assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on

23 the opposing party if not estopped."  *Ah Quin v. Cty. of Kauai Dep't of Transp*., 733 F.3d 267,

24

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS - 7

1  270 (9th Cir. 2013)(*citing New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). "Additional

2  considerations may inform the doctrine's application in specific factual contexts." *New*

3  *Hampshire*, at 750-51. "In the bankruptcy context, the federal courts have developed a basic

4  default rule: if a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the

5  bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the

6  action." *Ah Quin,* at 271.

7  In his response to the motion, Plaintiff Mendoza asserts that because the bankruptcy estate

8  has been reopened to include the claims resulting from Plaintiff Mendoza's May 6, 2014 arrest

9  and detention, judicial estoppel should not be applied to bar those claims. Dkt. 24. Additionally,

10 he maintains that the claims that arose from the December 10, 2014 events are not part of the

11 bankruptcy estate, and so judicial estoppel does not apply to those claims. *Id.*

12      1.  Claims Arising Before the Bankruptcy Petition was Filed

13      The reason judicial estoppel is generally applied in the cases where the plaintiff did not

14 disclose possible claims in a bankruptcy petition is that after "represent[ing] in the bankruptcy

15 case that no claim existed, so he or she is estopped from representing in the lawsuit that a claim

16 *does* exist." *Ah Quin,* at 271. It may, however, "be appropriate to resist application of judicial

17 estoppel when a party's prior position was based on inadvertence or mistake." *Id.* (*quoting New*

18 *Hampshire*, at 753). When, as here, "the plaintiff-debtor has reopened the bankruptcy

19 proceedings and has corrected the initial filing error," the "narrow interpretations of 'mistake'

20 and 'inadvertence' do not apply, and those terms are given their "commonly understood

21 meanings." *Id.,* at 276. "The relevant inquiry is, more broadly, the plaintiff's subjective intent

22 when filling out and signing the bankruptcy schedules." *Id.,* at 276–77.

23

24

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS - 8

1    Judicial estoppel should not be applied to bar claims arising from the May 2014 events.

2 Plaintiff Mendoza's failure to list these potential claims in his bankruptcy petition were a result

3 of inadvertence and or mistake. In his Declaration filed in opposition to the motion, Plaintiff

4 Mendoza states that he "truly never thought about [this] lawsuit having an effect on his

5 bankruptcy" and that he "would never intentionally deceive any court whether it be bankruptcy

6 or otherwise." Dkt. 27, at 2. Defendant points to no evidence to the contrary. The bankruptcy

7 case had now been reopened and so Plaintiff is not now taking an inconsistent position with the

8 bankruptcy court. Moreover, there is no showing that the bankruptcy court's prior acceptance of

9 Plaintiff's representations under bankruptcy law (that he had no cause of action against the

10 Defendants in September of 2014) would create a perception that this court would be misled if it

11 accepted Plaintiff's current position that he had claims. Further, there is no showing Plaintiff

12 would gain an "unfair advantage or impose an unfair detriment" on the Defendants if not

13 estopped." *Ah Quin,* at 270. Plaintiff's claims based on the May 2014 events should not be

14 barred by judicial estoppel. To the extent that Defendants seek dismissal of claims based on

15 events that occurred before September 23, 2014 under the doctrine of judicial estoppel for failing

16 to disclose these claims in the bankruptcy, the motion (Dkt. 19) should be denied.

17    2.    Claims Arising After the Bankruptcy Petition was Filed

18    Pursuant to 11 U.S.C. § 521(a)(1)(B)(i), a debtor is required to file "a schedule of assets

19 and liabilities." Debtors, then, must list pending lawsuits in the bankruptcy schedules. *Ah Quin,*

20 at 269. Under a Chapter 7 plan, a debtor's assets, with certain exceptions, are transferred to the

21 estate, liquidated, and the creditors are paid. *Harris v. Viegelahn,* 135 S.Ct. 1829, 1835 (2015).

22 Unlike a Chapter 13 bankruptcy estate, a Chapter 7 estate does not include future earnings or

23 assets acquired after the filing of the petition. *Id.*

24

The claims based on the December 10, 2014 events are not barred by the doctrine of judicial estoppel. They were not part of bankruptcy estate, which was created on September 23, 2014 when the petition was filed. *Harris,* at 1835. Accordingly, Plaintiff Mendoza did not take an inconsistent position with the bankruptcy court by failing to list them. *New Hampshire*, at 749. To the extent that Defendants seek dismissal of claims based on events that occurred after September 23, 2014, under the doctrine of judicial estoppel for failing to disclose these claims in the bankruptcy, the motion (Dkt. 19) should be denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Motion for Summary Judgment Dismissal of Plaintiff Carlos Mendoza's claims (Dkt. 19) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of April, 2017.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF PLAINTIFF CARLOS MENDOZA'S CLAIMS - 10