UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS MENDOZA, individual, and as guardian of L.M., his minor child,<br><br>Plaintiff,<br>v.<br><br>CITY OF VANCOUVER, et. al.,<br><br>Defendants. | CASE NO. 16-5677 RJB<br><br>ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESS |

This matter comes before the Court on the Defendants' Motion to Exclude Expert Witness. Dkt. 39. The Court has considered the motion and the remaining record.

**FACTS**

On November 29, 2016, a scheduling order was entered in this case, setting the expert disclosure (pursuant to Fed. R. Civ. P. 26 (a)(2)) deadline for April 26, 2017. Dkt. 11. The deadline to complete discovery is June 26, 2017, the dispositive motions deadline is July 25, 2017, and the case is set to begin trial on October 23, 2017. *Id.*

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESS - 1

On April 26, 2017, Plaintiff filed his "Disclosure of Expert Witnesses," indicating that he intended to use Professor Gregory G. Gilbertson as an expert witness. Dkt. 32. Plaintiff's disclosure states that, "Professor Gilbertson is a Criminal Justice Professor and a Private Investigator. In addition to his work as an Expert witness, his other areas of expertise include Police Procedures, Criminal Investigation, NATO Mentor & Liason [sic], Curriculum Development, Criminal Defense Casework, International Police Training, dult [sic] Education and Classroom Instruction." *Id.* The disclosure states that Professor Gilbertson's CV and fee schedule were attached, but no attachments were actually filed. The disclosure further states that the report of his findings "regarding the conduct of the Vancouver Police Department will be forthcoming." *Id.*

That same day, a paralegal working for Plaintiff's lawyer emailed defense counsel and requested a 30 day extension of time to exchange expert reports. Dkt. 53, at 5. Defendants' response is not in the record.

On June 1, 2017, Defendants filed the pending Motion to Exclude Expert Witness. Dkt. 39. Defendants assert that Plaintiff's filed disclosure was not adequate and they still have not received Professor Gilbertson's report. *Id.* Defendants move the Court for an order excluding Professor Gilbertson from testifying as an expert witness in this case. *Id.*

Plaintiff responds and states that his failure to attach Professor Gilbertson's CV and fee schedule was inadvertent; and he was first aware of the deficiency when Defendants filed their motion. Dkt. 49. Plaintiff has now sent Professor Gilbertson's CV, fee schedule, and the list of documents he was reviewing for Plaintiff to the Defendants. *Id.* Plaintiff opposes the motion to exclude, and states that Professor Gilbertson has informed him that his report will be finished this Friday, June 23, 2017. *Id.* Plaintiff has also filed a motion to extend the discovery deadline

so that Defendants have time to depose Professor Gilbertson or otherwise respond to his report. Dkt. 51. Plaintiff also indicates that if necessary, he would agree to a shortened response time to a motion for summary judgment. *Id.* The motion to extend case deadlines is noted for consideration on June 23, 2017.

## **DISCUSSION**

Fed. R. Civ. P. 37 (c)(1), Failure to Disclose or Supplement, provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>     (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>     (B) may inform the jury of the party's failure; and
>     (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Defendants' motion to exclude Professor Gilbertson as an expert witness (Dkt. 39) should be denied. Plaintiff does not dispute that he did not fully comply with Rule 26 (a)(2) by the date set by the Court for expert disclosures. That failure is harmless. Trial is over four months away. Plaintiff attempted to work with Defendants regarding timing of exchanging the report. Further, he has moved for an extension of the discovery deadlines to allow Defendants an opportunity to fully respond to Professor Gilbertson's report. Defendants motion for the most extreme relief available is unwarranted and shows a lack of civility that is concerning to the undersigned. It appears that Defendants made no effort to manage this issues or others in this case that routinely arise in litigation. The Court expects parties to make every effort to work together and resolve issues like the one presented here without resorting to expensive motions practice.

## **ORDER**

It is **ORDERED** that:

- Defendants' Motion to Exclude Expert Witness (Dkt. 39) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of June, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge