UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLOS MENDOZA, individual, and as guardian of L.M., his minor child,<br><br>                      Plaintiffs,<br>    v.<br><br>CITY OF VANCOUVER, a Municipality; VANCOUVER POLICE DEPARTMENT, an agent of the City of Vancouver; MONICA HERNANDEZ and "JOHN DOE" HERNANDEZ, husband and wife, individually and the marital community thereof; BARBARA KIPP and "JOHN DOE" KIPP, husband and wife and the martial community thereof,<br><br>                      Defendants. | CASE NO. 16-5677 RJB<br><br>ORDER ON RESPONSES TO ORDER TO SHOW CAUSE AND REMANDING CASE |

This matter comes before the Court on the parties' responses to the August 29, 2017 Order to Show Cause. Dkts. 106 and 107. The Court has also considered the remaining record.

Plaintiffs filed this case in Clark County, Washington Superior Court, asserting that their federal constitutional rights and state laws were violated when Plaintiff Carlos Mendoza was

ORDER ON RESPONSES TO ORDER TO SHOW CAUSE AND REMANDING CASE - 1

arrested and Plaintiff L.M. was taken into protective custody. Dkt. 4-4. Plaintiffs seek damages as well as attorneys' fees and costs. *Id.*

On August 29, 2017, Defendants' motion for summary dismissal of all federal claims (Dkt. 58) was granted; Plaintiffs' motion for partial summary judgment, on the issues of whether Defendant Hernandez had legal authority to arrest Plaintiff Mendoza, whether Defendant Kipp had legal authority to take L.M. into custody, and whether Defendant Kipp had cause to believe L.M. had been neglected (Dkt. 68), was denied to the extent those issues were related to Plaintiffs' federal claims. Dkt. 105. To the extent both motions for summary judgment addressed state law claims, those motions were stricken, to be renoted if the Court determined it has diversity jurisdiction. *Id.* The parties were ordered to show cause, if any they had, why this Court had diversity jurisdiction. *Id.* If this Court did not have diversity jurisdiction, the parties were ordered to further show cause, if any they had, why this case should not be remanded to Clark County, Washington Superior Court. *Id.* The parties have responded. Dkts. 106 and 107.

For the reasons provided, the Court concludes that it does not have diversity jurisdiction and this case should be remanded.

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

The background facts and procedural history are in the August 29, 2017, Order on Cross Motions for Summary Judgment and Other Motions and Order to Show Cause (Dkt. 105, at 1-19) and are adopted here.

As is relevant here, at the time the Complaint was filed, Plaintiff Mendoza, an active duty U.S. Marine, was (and still is) stationed in North Carolina. Dkt. 84. Plaintiff L.M. lives with his father, Plaintiff Mendoza. *Id.* Plaintiff Mendoza has a Washington State driver's license. Dkt. 106, at 8.

## II. DISCUSSION

Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). A federal court has original jurisdiction over cases involving federal questions, 28 U.S.C. § 1332, or where the parties are diverse citizens and the amount in controversy is over $75,000, 28 U.S.C. § 1331. A federal court may also exercise supplemental jurisdiction over state law claims asserted in cases in which the court has original jurisdiction. 28 U.S.C. § 1367(a).

### A. ORIGINAL JURISDICTION

This case was removed based on federal question jurisdiction. Dkt. 1, at 2. As discussed above, the federal claims have been dismissed from the case. As the party asserting jurisdiction, the Defendants have the burden of proof to demonstrate that there is diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Defendants have not shown that there is diversity of citizenship between the parties. All Defendants are Washington residents. The Complaint does not state whether Plaintiffs are still residents of the state of Washington or whether they have become residents of North Carolina. It provides that Plaintiff Mendoza "was a married person . . . and father of L.M., residing in Clark County Washington and Onslow County, North Carolina." Dkt. 20-1, at 8. The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of state of residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's state citizenship is determined by [their] state of domicile, not [their] state of residence. A person's domicile is [their] permanent home, where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Id.* A person is not necessarily a citizen of the state in which they reside for purposes of the jurisdictional statute. *Id.* As Defendants' properly point out "'[s]ervice personnel

are presumed not to acquire a new domicile when they are stationed in a place pursuant to orders; they retain the domicile they had at the time of entry into the services.'" Dkt. 106, at 2 (*quoting Sarver v. Chartier*, 813 F.3d 891, 898 (9th Cir. 2016).

While the presumption is rebuttable, it has not be rebutted here. Plaintiff Mendoza is active duty military stationed North Carolina. While he may have expressed doubt at returning to Washington State, Washington is his last known domicile. Dkt. 106, at 8. There is no evidence in the record that he owns property in North Carolina, is registered to vote in North Carolina, or intends to stay there. Defendants' have not shown that the undersigned has original jurisdiction through the diversity of the parties' citizenship.

**B. SUPPLEMENTAL JURISDICTION**

As discussed above, the federal claims are dismissed from the case. There is insufficient evidence that the parties are diverse. Accordingly, the Court does not have a basis for original jurisdiction, either by means of federal question or diversity jurisdiction. The Court will then need to consider whether to exercise its supplemental jurisdiction over the remaining state law claims.

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of

economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Although "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims" or dismiss them without prejudice, or if appropriate, remand them to state court," *Harrell v. 20th Ins. Co.,* 934 F.2d 203, 205 (9th Cir. 1991), in the interest of fairness, the parties were given an opportunity to be heard on whether the case should be remanded for further proceedings, and have done so.

This Court should decline to exercise supplemental jurisdiction and remand the case to Clark County, Washington Superior Court. Here, two of the four conditions in § 1367(c) are present. As above, all of the Plaintiffs' federal claims have been dismissed and there is an insufficient showing as to diversity jurisdiction. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims may "raise novel or complex issues of state law" under § 1367(c)(1), determinations for which the state court is uniquely suited.

Further, the values of economy, convenience, fairness and comity are served by this Court's declining to exercise supplemental jurisdiction. *See Acri v. Varian Associates, Inc*., 114 F.3d at 1001. The Defendants point out if the case is remanded, trial in Vancouver, Washington would be less expensive and more convenient considering almost all of the witnesses and the lawyers live in or near Vancouver. Dkt. 107. Fairness and comity are also well served by remanding this case. Insofar as reasonably practical, the time of federal courts should be spent resolving cases involving some federal nexus. There is no longer a federal nexus in this case.

This Court should decline to exercise supplemental jurisdiction over the remaining claims in this case. This case should be remanded to Clark County, Washington Superior Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Court **DECLINES** to exercise supplemental jurisdiction over the remaining claims; and
- This case **IS REMANDED** to Clark County, Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of September, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge